Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 627 | **DATE** | 5/30/2003 |
| **CASE TITLE** | Hirtzer vs. Avery Dennison Corp. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order denying defendant's motion to dismiss.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| ✓ | Notices mailed by judge's staff. | | JUN 02 2003 | |
| | Notified counsel by telephone. | | date docketed | 17 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 5/30/2003 | |
| | | | date mailed notice | |
| MPJ | courtroom deputy's initials | | MPJ | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOSEPH W. HIRTZER, individually and d/b/a GLOBAL PACKAGING,<br><br>Plaintiff,<br><br>v.<br><br>AVERY DENNISON CORPORATION,<br><br>Defendant. | No. 03 C 627 |

DOCKETED
JUN 0 2 2003

## MEMORANDUM OPINION AND ORDER

Plaintiff Joseph W. Hirtzer, individually and d/b/a Global Packaging, sued defendant Avery Dennison Corporation ("Avery") in Illinois state court for breach of contract. Avery removed the action on the basis of diversity jurisdiction, and now moves to dismiss for failure to state a claim on which relief can be granted. I deny the motion.

On a motion to dismiss, I take all allegations in the complaint as true. *Wilczynski v. Lumbermens Mut. Cas. Co.*, 93 F.3d 397, 401 (7th Cir. 1996). The facts as alleged by Mr. Hirtzer are as follows. Sometime in the fall of 2001, Mr. Hirtzer contacted Avery to determine whether Avery would be interested in serving as a supplier of labels on a project for Liquid Container Corporation and Procter & Gamble Corporation ("P&G"). Negotiations led to an oral agreement whereby Mr. Hirtzer would be appointed "Sales Agent" of the project ("Project Rudolph"), and would serve as the primary

17

contact between Avery and P&G. Avery agreed to pay Mr. Hirtzer 7% commissions on all billings related to Project Rudolph. Based in large part on the efforts of Mr. Hirtzer, Avery entered into an agreement with P&G. Avery later notified Mr. Hirtzer that it would not perform its part of the agreement, and would pay Mr. Hirtzer reduced commissions. Mr. Hirtzer then brought suit seeking 7% commissions on Project Rudolph.

Avery moves to dismiss this suit based on the Illinois statute of frauds.[1] 740 ILCS § 80/1. ("No action shall be brought ... upon any agreement that is not to be performed within the space of one year from the making thereof, unless the promise or agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some other person thereunto by him lawfully authorized."). The Illinois statute of frauds precludes enforcement of an oral services contract that cannot be performed within a year. *Fischer v. First Chicago Capital Mkts., Inc.*, 195 F.3d 279, 283 (7th Cir. 1999). Avery argues that the oral agreement alleged here, that Mr. Hirtzer would act as sales agent in return for 7% commissions on Project Rudolph, could not be performed within a year.

Consideration of a 12(b)(6) motion to dismiss is limited to the pleadings, which consist of the complaint, any attached

---

[1] Neither party claims that anything other than Illinois substantive law applies to this case.

2

exhibits, and supporting briefs. *Thompson v. Ill. Dept. of Prof'l Regulation,* 300 F.3d 750, 753 (7th Cir. 2002). While Fed. R. Civ. P. 8(a) requires only a short and plain statement showing that the plaintiff is entitled to relief, if the plaintiff chooses to provide facts beyond a short and plain statement, he may not then prevent the defense from suggesting that those same facts demonstrate that he is not entitled to relief. *Id.* A plaintiff can "plead himself out of court." *Jackson v. Marion County,* 66 F.3d 151, 153 (7th Cir. 1995). Avery points to three parts of Mr. Hirtzer's pleadings that it claims indicate that the alleged agreement could not be completed in one year.

First, Avery points to paragraph seven of Mr. Hirtzer's complaint, which states that "the Defendant agreed to pay to the Plaintiff seven percent (7%) commissions of all billings relating to said Project Rudolph, which could amount to between THREE MILLION DOLLARS ($3,000,000.00) and FIVE MILLION DOLLARS ($5,000,000.00) over a three (3) year period; and greater amounts in the event the Project was extended to five (5) years." (Compl. ¶ 7.) Contrary to Avery's assertions, this paragraph does not allege that Project Rudolph was to last at least three, and possibly five, years. Giving Mr. Hirtzer the benefit of the doubt, *see Kelley v. Crosfield Catalysts,* 135 F.3d 1202, 1205 (7th Cir. 1998), and construing all inferences in his favor, *see Thompson,* 300 F.3d at 753, this paragraph states only that *if* Project Rudolph lasted

3

three years, Mr. Hirtzer may have earned three to five million dollars in commissions.

In Illinois, the statute of frauds has been determined to mean that "[an oral] contract is unenforceable only if it is impossible to perform the contract within one year." *Hartbarger v. SCA Servs., Inc.*, 558 N.E.2d 596, 606 (Ill. App. Ct. 1990). Thus, if it appears from a reasonable interpretation of the alleged agreement that it is capable of performance within one year, the statute of frauds is inapplicable. *Id.* (holding that while a $200,000 payment to be made as part of an alleged oral agreement was scheduled to be made in three transactions over a course of four or five years, the payment could have been made within one year, and statute of frauds therefore did not apply). *See also Indus. Specialty Chems., Inc. v. Cummins Engine Co.*, 902 F. Supp. 805, 810 n.5 (N.D. Ill. 1995) (Aspen, J.) (citing *Hartbarger* and holding that although alleged oral agreement for sale of chemicals did not specify duration, performance could have occurred within one year so Illinois statute of frauds did not apply).

The agreement alleged here was that Mr. Hirtzer was to act as sales agent for Avery while Avery supplied labels to P&G for Project Rudolph. The full performance contemplated by this agreement would therefore have been rendered upon completion by P&G of Project Rudolph (and payment of all commissions by Avery). Mr. Hirtzer's complaint does not state one way or the other whether

this circumstance (completion of Project Rudolph) could have occurred within one year. The fact that Mr. Hirtzer alleges that he could have received three to five million dollars had the project lasted three years says nothing about whether the project (and consequently the alleged agreement between Mr. Hirtzer and Avery) could have been completed within a year. It is completely plausible, consistent with Mr. Hirtzer's complaint, that while it was likely that Project Rudolph would last at least three years, it could have been completed in one year, thus making the alleged agreement between Mr. Hirtzer and Avery capable of performance within one year. Paragraph seven of Mr. Hirtzer's complaint does not mandate application of the statute of frauds.

Avery also points to two exhibits attached to Mr. Hirtzer's complaint to support its assertion that the alleged agreement could not be performed within a year. First, Avery points to a letter attached to the complaint from Jayne Sutton, a manager at Avery, to Mr. Hirtzer. In that letter, Ms. Sutton indicates that "[w]e are in the process of finalizing our contract negotiations with both P&G and Liquid Container for a five-year agreement." (Compl. Ex. C.) Second, Avery points to another letter attached to the complaint, this one from Taras Szmagala, counsel to Avery, to Ernest Gowen, Mr. Hirtzer's counsel. That letter refers to an April 4, 2002 discussion between Mr. Hirtzer and Avery in which Mr. Hirtzer "agreed to accept the following commissions (based on a

5

five-year relationship with Procter & Gamble): $150,000 in year one, $125,000 in year two, $125,000 in year three, and $50,000 in years four and five." (Compl. Ex. D.) While these statements offer strong evidence that the relationship between Avery and P&G (and consequently the agreement between Avery and Mr. Hirtzer) was to last five years, the Seventh Circuit has cautioned against reading letters authored by a defendant as conclusively establishing the truth of a matter when they are attached to a complaint for unrelated reasons. *N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend,* 163 F.3d 449, 455-57 (7th Cir. 1998) (hereinafter *NIGOS*). The court in *NIGOS* indicated that before accepting every word in a unilateral writing by a defendant attached to a complaint as true, "it is necessary to consider why a plaintiff attached the documents, who authored the documents, and the reliability of the documents." *Id.* at 455. Here, Mr. Hirtzer attached the Sutton and Szmagala letters simply as evidence that Avery had notified him that it would not perform the alleged agreement. (Compl. ¶ 9.) These letters are not "the subject of the claim" and Mr. Hirtzer is therefore "not require[d] ... to adopt every word within the exhibits as true." *NIGOS,* 163 F.3d at 455. *Cf. Thompson,* 300 F.3d at 754-55 (distinguishing *NIGOS* while holding that a job description attached to a complaint was part of the "subject of the claim" in a case alleging retaliatory demotion). The court in *NIGOS* indicated that it was "not inclined

6

to apply such a [blanket adoption] rule in the case of letters written by the opposition for what could be self-serving purposes." 163 F.3d at 455. "To require district courts to accept unilateral statements in documents written by a defendant as true simply because they were attached as exhibits to a plaintiff's complaint would be contrary to the concept of notice pleading." *Id.* at 456. I therefore do not read the statements pointed to by Avery in the letters attached to Mr. Hirtzer's complaint as establishing a five-year timeline for Project Rudolph (and consequently that full performance of the alleged agreement between Mr. Hirtzer and Avery was impossible within one year). These letters may certainly make it difficult for Mr. Hirtzer to overcome the statute of frauds problem at some later stage in the litigation, but for now, he has not pleaded himself out of court by attaching them to his complaint.

Defendant's motion to dismiss is DENIED.

ENTER ORDER:

*Elaine E. Bucklo*

**Elaine E. Bucklo**
United States District Judge

Dated: May 3०, 2003